IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

| | |
|---|---|
| **IN RE ETHICON, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION** | Master File No. 2:12-MD-02327<br>MDL 2327 |
| **THIS DOCUMENT RELATES TO:**<br><br>*Billie Jo Aschmeller v. Ethicon, Inc. et al.*<br>*Case No. 2:14-cv-06219* | WAVE 8<br><br>JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE |

## DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendants Ethicon, Inc., and Johnson & Johnson (collectively, "Ethicon"), pursuant to Federal Rule of Civil Procedure 56, move for summary judgment and dismissal with prejudice of certain claims asserted by Plaintiff Billie Jo Aschmeller in this case.[1] In support of this motion, Ethicon states:

1. Ms. Aschmeller's manufacturing defect claim (Count II) fails because there is no evidence that the TVT at issue was manufactured in a way that deviated from its design specifications.

2. Her strict liability-failure to warn claim (Count III) fails because she cannot establish that a different warning would have altered her implanting physician's decision to implant the TVT device.

---

[1] By moving for summary judgment on some issues and not others, Defendants are not waiving or abandoning their right to assert their arguments on those issues under the applicable Federal or local rules of procedure at such other time or times as the remand or transferor court deems appropriate.

3. Her strict liability-defective product claim (Count IV) fails because there is no such cause of action under Illinois law.

4. Her fraud-based claims (Counts VI, VII, IX and XI-XIII) fail because they are subject to the learned intermediary doctrine and thus are duplicative of her failure to warn claim.

5. Her breach of warranty claims (Counts XI-XII) fail because they are duplicative of her failure to warn claims. Further, her claim for breach of implied warranty of fitness for a particular purpose also fails because the TVT implant was prescribed for its intended use.

6. Her consumer protection claim (Count XIII) fails because the Illinois Consumer Fraud Act does not recognize claims for personal injury.

7. Ethicon incorporates by reference its Memorandum in Support of its Motion for Partial Summary Judgment and the following exhibits:

| Exhibit | Description |
|---|---|
| A | Excerpts of Pl.'s Fact Sheet, attached herewith as Exhibit A. |

WHEREFORE, FOR THESE REASONS, Ethicon respectfully requests that this Court enter an order granting Defendants' Motion for Partial Summary Judgment and dismissing the foregoing claims with prejudice.

Respectfully submitted,

/s/ *Jennifer L. Steinmetz*
Jennifer L. Steinmetz
TUCKER ELLIS LLP
950 Main Avenue
Suite 1100
Cleveland, OH 44113
Telephone: 216-592-5000
Facsimile: 216-592-5009
Jennifer.steinmetz@tuckerellis.com

/s/ *William M. Gage*
William M. Gage (MS Bar No. 8691)
Butler Snow LLP
1020 Highland Colony Parkway
Suite 1400 (39157)
P.O. Box 6010
Ridgeland, MS 39158-6010
(601) 985-4561
william.gage@butlersnow.com

/s/ *Susan M. Robinson*
Susan M. Robinson (W. Va. Bar No. 5169)
Thomas Combs & Spann PLLC
300 Summers Street
Suite 1380 (25301)
P.O. Box 3824
Charleston, WV 24338
(304) 414-1800
srobinson@tcspllc.com

*Counsel for Defendants Ethicon, Inc., and Johnson & Johnson*

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to CM/ECF participants registered to receive service in this MDL.

/s/ *Jennifer L. Steinmetz*