IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

| | |
|---|---|
| IN RE ETHICON, INC., PELVIC REPAIR SYSTEM PRODUCTS LIABILITY LITIGATION | Master File No. 2:12-MD-02327<br>MDL 2327 |
| THIS DOCUMENT RELATES TO:<br><br>*Billie Jo Aschmeller v. Ethicon, Inc. et al.*<br>*Case No. 2:14-cv-06219* | WAVE 8<br><br>JOSEPH R. GOODWIN<br>U.S. DISTRICT JUDGE |

**MEMORANDUM IN SUPPORT OF DEFENDANTS'**
**MOTION FOR PARTIAL SUMMARY JUDGMENT**

Pursuant to Federal Rule of Civil Procedure 56(a), Defendants Ethicon, Inc. and Johnson & Johnson (collectively "Ethicon") hereby move for summary judgment on Plaintiff's claims for Manufacturing Defect (Count II), Strict Liability – Failure to Warn (Count III), Strict Liability – Defective Product (Count IV), Fraud (Count VI), Fraudulent Concealment (Count VII), Negligent Misrepresentation (Count IX), Breach Of Warranty (Count XI And Count XII), and Violation of Consumer Protection Laws (Count XIII).[1] Plaintiff Billie Jo Aschmeller ("Plaintiff") alleges complications arising from her TVT implant. As a matter of law, these claims should be dismissed as set forth below.

---

[1] By moving for summary judgment on some issues and not others, Defendants are not waiving or abandoning their right to assert their arguments on those issues under the applicable federal or local rules of procedure at such other time(s) as the remand or transferor court deems appropriate.

**STATEMENT OF UNDISPUTED FACTS**

1. Plaintiff experienced mixed urinary incontinence and underwent a TVT implant surgery on January 7, 2011 at St. John's Hospital in Springfield, Illinois. Ex. A, Pl. Fact Sheet (Redacted) at 5.

2. Plaintiff filed suit on January 31, 2014. Short Form Compl., ECF. No. 1. She asserts the following claims: Negligence (Count I), Strict Liability – Manufacturing Defect (Count II), Strict Liability – Failure to Warn (Count III), Strict Liability – Defective Product (Count IV), Strict Liability – Design Defect (Count V), Fraud (Count VI), Fraudulent Concealment (Count VII), Negligent Misrepresentation (Count IX), Breach of Express Warranty (Count XI), Breach of Implied Warranty (Count XII), Violation of Consumer Protection Laws (Count XIII), and Discovery Rule and Tolling (Count XVIII). *Id.* at ¶ 13.

**ARGUMENT**

Summary judgment is proper where, when drawing permissible inferences in favor of the nonmoving party, there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986). The Court's function at this stage is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

**I.  Illinois Law Applies to Plaintiff's Substantive Claims.**

For cases filed directly in the MDL, this Court has ruled that "the choice of law that applies is the place where the plaintiff was implanted with the product." *Belanger v. Ethicon, Inc.*, No. 2:13-cv-12036, 2014 WL 346717, at *7 (S.D.W. Va. Jan. 30, 2014). Here, Plaintiff's implant surgery occurred in Springfield, Illinois and, therefore, the Illinois choice-of-law test applies. *See* Short Form Compl., Doc. No. 1 at ¶ 11.

Illinois applies the "most significant relationship" test of the Restatement (Second) of Conflicts of Law. *E.g.*, *Vujovic v. Vorm*, No. 14 C 6245, 2015 WL 5162295, at *5 (N.D. Ill. Sept. 1, 2015); *Miller v. Long-Airdox Co.*, 914 F.2d 976, 978 (7th Cir. 1990). As the place of Plaintiff's residence and the state where her injuries occurred, Illinois has the most significant relationship to this case. *See, e.g.*, *Firkin v. U.S. Polychemical Corp.*, 835 F. Supp. 1048, 1050 (N.D. Ill. 1993) (noting presumption that substantive law of state where injury occurred applies, and applying Illinois law because plaintiff lived there and experienced injury there); *see also Bellew v. Ethicon, Inc.*, No. 2:13-CV-22473, 2014 WL 6886129, at *2 (S.D.W. Va. Nov. 24, 2014). Accordingly, Illinois substantive law applies to Plaintiff's personal injury claims.

**I.  Plaintiff's Failure to Warn Claim Fails as a Matter of Law Because She Cannot Establish Causation.**

To establish a claim for failure to warn, Plaintiff must establish that the manufacturer (1) had a duty to warn (i.e., its product caused the injury); (2) knew or should have known of the risk that the product could cause the injury; (3) that the failure to provide the information made the warning inadequate; and (4) that the failure to warn caused the plaintiff's injuries. *Giles v. Wyeth, Inc.*, 500 F. Supp. 2d 1063, 1065 (S.D. Ill. 2007) (citing *N. Trust Co. v. Upjohn Co.*, 572 N.E.2d 1030, 1037 (Ill. App. Ct. 1991)). Further, to establish causation on a failure to warn claim, the plaintiff must show "that the defendant's conduct was both the cause-in-fact and the legal cause of her injuries." *Huskey v. Ethicon, Inc.*, 29 F. Supp. 3d 736, 742 (S.D. W. Va. 2014). Thus, the plaintiff must show that the inadequate warning was both the but-for cause of her injury and a substantial factor in causing her injury. *Id.* (citing *Rodriguez v. Glock, Inc.*, 28 F. Supp. 2d 1064, 1070 (N.D. Ill. 1998); *see also Twitty v. Am. Gage & Mach. Co.*, 434 N.E.2d 493, 494 (Ill. App. Ct. 1982) (defective warning must be proximate cause of injury). A

"defendant's conduct is not a cause of an event if the event would have occurred without it." *Huskey*, 29 F. Supp. 3d at 742.

Where, as here, Plaintiff has not deposed her implanting surgeon, she cannot meet her burden of proof to show that a different warning would have altered his decision to implant the TVT. *See Higgins v. Ethicon, Inc.,* 2017 WL 2813144 (S.D. W. Va. Mar. 30, 2017) (granting summary judgment as to failure to warn because "plaintiffs have failed to present any testimonial or other evidence that Dr. Anhalt would not have used or prescribed the TVT-S . . . . had he received a different warning.") (Texas law); *Contreras v. Boston Sci. Corp.*, No. 2:12-CV-03745, 2016 WL 1436682, at *4 (S.D.W. Va. Apr. 11, 2016) ("plaintiffs have not provided any citations to the record showing that Dr. Baker, the implanting physician, would have taken a different course of action even if she had been given an adequate warning") (California law); *Sowder v. Boston Sci. Corp.*, No. 2:13-CV-05149, 2015 WL 5838507, at *5 (S.D. W. Va. Oct. 5, 2015) (same) (Florida law); *Bennett v. Boston Sci. Corp.*, No. 2:13-CV-06641, 2015 WL 2088733, at *4 (S.D.W. Va. May 5, 2015) (granting summary judgment where "there is no evidence that Dr. Edgerton, the implanting physician, would have taken a different course of action even if he had been given an adequate warning") (West Virginia law); *see also Mullins v. Ethicon, Inc.,* (Nancy Oxley) No. 2:12-CV-02952, 2017 WL 345865, at *2 (S.D.W. Va. Jan. 20, 2017) (plaintiff "unable to meet her burden of proof regarding [implanter's] reliance on any alleged inadequate warning and whether an alleged sufficient warning would have altered his decision to implant the device because [the implanter] died before he could offer evidence"). Accordingly, Plaintiff cannot prove causation and all of her claims asserting failure to warn (Counts III, VI, VII, IX and XI-XIII) fail as a matter of law.

### II. Plaintiff Cannot Establish a Manufacturing Defect Claim (Count II).

To prevail on a manufacturing defect claim, Plaintiff must show that the specific unit implanted in her deviated from the manufacturer's specifications in a manner that rendered the product unreasonably dangerous. *See, e.g.*, *Salerno v. Innovative Surveillance Tech., Inc.*, 932 N.E.2d 101, 108 (Ill. App. Ct. 2010).

Plaintiff has no evidence on this theory. There is no evidence that the product received by Plaintiff deviated from its intended specifications. And no expert for Plaintiff has opined that a deviation from the manufacturer specifications caused an injury to Plaintiff. The manufacturing defect claim (Count II) should be dismissed.

### III. Summary Judgment Is Proper on Plaintiff's Claims for Fraud (Count VI), Fraudulent Concealment (Count VII), Negligent Misrepresentation (Count IX), Breach of Warranty (Count XI And Count XII), and Consumer Fraud (Count XIII).

Plaintiff cannot sustain her claims for fraud (Count VI), fraudulent concealment (Count VII), negligent misrepresentation (Count IX), breach of warranty (Count XI and Count XII), or consumer fraud (Count XIII), because they rely on essentially the same allegations as the failure to warn claim. They are not cognizable as separate grounds for recovery from Plaintiff's warning claim, and the learned intermediary doctrine applies.

Illinois courts apply the learned intermediary doctrine to claims arising from the use of prescription medical devices. *E.g.*, *Hansen v. Baxter Healthcare Corp.*, 764 N.E.2d 35, 42 (Ill. Sup. Ct (2002). As this Court recognized in *Huskey v. Ethicon*, a plaintiff cannot escape the reach of this doctrine by repackaging warning claims as fraud claims. 29 F. Supp. 3d at 743-44 (awarding judgment to Ethicon on fraud, fraudulent concealment, constructive fraud, negligent misrepresentation, and breach of warranty claims under Illinois law); *see also Bellew v. Ethicon, Inc.*, No. 2:13-CV-22473, 2014 WL 6886129, at *5-6 (S.D.W. Va. Nov. 24, 2014) (dismissing

claims for fraud, fraudulent concealment, negligent misrepresentation, breach of warranty, and Arizona Consumer Fraud Act). That is because "[i]f the learned intermediary doctrine could be avoided by casting what is essentially a failure to warn claim under a different cause of action . . . then the doctrine would be rendered meaningless." *Huskey*, 29 F. Supp. 3d at 744-45 (quoting *In re Norplant Contraceptive Prods. Liab. Litig.*, 955 F. Supp. 700, 709 (E.D. Tex.1997)).

Because the claims for fraud, fraudulent concealment, negligent misrepresentation, breach of warranty, and consumer fraud are merely repurposed failure to warn claims, and the learned intermediary doctrine applies to each of them, they do not constitute separate grounds for recovery and so should be dismissed with prejudice.

**IV.    Plaintiff's Consumer Protection Claim (Count XIII) Is Improper.**

As noted, the consumer fraud claim (Count XIII) ("Violation of Consumer Protection Laws") should be dismissed as duplicative of the failure to warn claim. Alternatively, the claim fails under Illinois law.

This claim is limited to "purely economic injury." *Pappas v. Pella Corp.*, 844 N.E.2d 995, 1001 (Ill. App. Ct. 2006); *White v. DaimlerChrysler Corp.*, 856 N.E.2d 542, 550 (Ill. App. Ct. 2006); *see also* 815 Ill. Comp. Stat. Ann. 505/10a(a) (stating that the court "may award actual economic damages"). Such economic injuries encompass harms that affect the value of property—*e.g.*, concealed defects resulting in diminished value of product or real estate, mischaracterizing extent of insurance coverage. *E.g.*, *Pappas*, 844 N.E.2d at 1001 (collecting authority). Ethicon has found no cases authorizing damages for personal injuries under the Illinois Consumer Fraud Act ("ICFA"). *See Price v. Philip Morris Inc.*, No. 00-L-112, 2003 WL 22597608, at *3 (Ill. Cir. Ct. Mar. 21, 2003) (noting that the class claims under the ICFA "do not include claims for personal injury but only encompass claims under the [ICFA] for economic losses based on the purchase of [light cigarettes] in Illinois during the class period"), *reversed on*

*other grounds*, 848 N.E.2d 1 (Ill. 2005). Plaintiff's claim seeks damages related to personal injuries, not economic injuries, and therefore fails to state a claim under the ICFA.

## V. Summary Judgment Is Proper on Plaintiff's Claims for Breach of Implied Warranty.

As noted, Plaintiff's claims for breach of express warranty (Count XI) and implied warranty (Count XII) should be dismissed as duplicative of the failure to warn claim.

Plaintiff's claim of implied warranty for a particular purpose also fails on the merits. "To prove a breach of an implied warranty of fitness for particular purpose, a plaintiff must show (1) a sale of goods, (2) that the seller had reason to know of any particular purpose for which the goods are required, (3) that plaintiff, as buyer of the goods, was relying upon seller's skills or judgment to select suitable goods, and (4) that the goods were not fit for the particular purpose for which they were used." *Econ. Folding Box Corp. v. Anchor Frozen Foods, Corp.*, No. 04 CV 4485, 2007 WL 844878, at *9 (N.D. Ill. Mar. 19, 2007) (citing *Maldonado v. Creative Woodworking Concepts*, 796 N.E.2d 662, 666 (Ill. App. Ct. 2003)), *aff'd*, 515 F.3d 718 (7th Cir. 2008). Plaintiff has no evidence that the TVT device was used for anything other than its ordinary purpose of treating stress urinary incontinence, nor does Plaintiff have any evidence that Ethicon had reason to know of a different use of the product. Accordingly, summary judgment is warranted.

## VI. There Is No Claim for "Strict Liability - Defective Product" (Count IV) Under Illinois Law.

On her Short-Form Complaint, Plaintiff has asserted a claim for "Strict Liability - Defective Product." Short-Form Compl. ¶ 13, ECF No. 1. A search of Illinois law does not reveal there to be any such cause of action. Rather, in Illinois, three types of defects can result in an unreasonably dangerous product: (1) design defects, (2) manufacturing defects, and (3) inadequate warnings. *Salerno*, 932 N.E.2d at 108. The allegations supporting this claim are also

duplicative of Plaintiff's manufacturing-defect, inadequate warnings, and design-defect claims. *See* Short Form Compl. ¶ 13 (Counts II, III, and V respectively). Accordingly, the claim for "Strict Liability - Defective Product" (Count IV) should be dismissed.

## CONCLUSION

For these reasons, Ethicon's motion for partial summary judgment should be granted. Plaintiff's claims for Manufacturing Defect (Count II), Strict Liability – Failure to Warn (Count III), Strict Liability – Defective Product (Count IV), Fraud (Count VI), Fraudulent Concealment (Count VII), Negligent Misrepresentation (Count IX), Breach Of Warranty (Count XI and Count XII), and Violation of Consumer Protection Laws (Count XIII) should be dismissed with prejudice.

Respectfully submitted,

*/s/ Jennifer L. Steinmetz*
Jennifer L. Steinmetz
TUCKER ELLIS LLP
950 Main Avenue
Suite 1100
Cleveland, OH  44113
Telephone:  216-592-5000
Facsimile:  216-592-5009
Jennifer.steinmetz@tuckerellis.com

*/s/ William M. Gage*
William M. Gage (MS Bar No. 8691)
Butler Snow LLP
1020 Highland Colony Parkway
Suite 1400 (39157)
P.O. Box 6010
Ridgeland, MS 39158-6010
(601) 985-4561
william.gage@butlersnow.com

/s/ *Susan M. Robinson*
Susan M. Robinson (W. Va. Bar No. 5169)
Thomas Combs & Spann PLLC
300 Summers Street
Suite 1380 (25301)
P.O. Box 3824
Charleston, WV 24338
(304) 414-1800
srobinson@tcspllc.com

*Counsel for Defendants Ethicon, Inc., and Johnson & Johnson*

9

## **CERTIFICATE OF SERVICE**

I certify that on this date, I electronically filed this document with the clerk of the court using the CM/ECF system, which will send notification of this filing to CM/ECF participants registered to receive service in this MDL.

*/s/ Jennifer L. Steinmetz*
Jennifer L. Steinmetz
